IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JOYCE M. DOWDEN                                                                    PLAINTIFF

v.                                    CIVIL NO. 13-3116

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                     DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Joyce M. Dowden, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for disabled adult child (DAC) benefits and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. <u>See</u> 42 U.S.C. § 405(g).

**I.     Procedural Background:**

**A.     Disabled Adult Child Benefits:**

The applications for DAC now before this Court were filed on August 29, 2007, and January 14, 2008, respectively, alleging an onset date of November 1, 2001, due to emotional problems, a learning disorder, and foot and leg pain. (Tr. 502, 513). Plaintiff is the child of the wager earners who are insured through January 14, 2008. An administrative hearing was held on September 21, 2009. (Tr. 980-993). Plaintiff's mother, Lori Ann Martin, and Plaintiff

appeared and testified on behalf of Plaintiff. (Tr. 980-993). After being informed of the right to have representation, Plaintiff waived that right and proceeded with the administrative hearing. During this hearing the ALJ indicated that Plaintiff had three different cases before him. (Tr. 983).

By written decision dated January 29, 2010, the ALJ found that during the relevant time period, Plaintiff had the residual functional capacity (RFC) to perform light work with limitations. (Tr. 1028-1037). The Appeals Council declined review of the ALJ's decision on May 27, 2011. (Tr. 10-14).

Plaintiff appealed the ALJ's January 29, 2010, decision to this Court. In a decision dated September 19, 2012, this Court remanded the case back to the Commissioner. The Appeals Council vacated the ALJ's decision, and remanded Plaintiff's case back to the ALJ on November 19, 2012. (Tr. 1038-1040). A supplemental administrative hearing was held on May 8, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 1523-1575). Plaintiff's mother and a friend also testified at the administrative hearing.

By written decision dated August 29, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 1015). Specifically, the ALJ found that prior to attaining age 22, Plaintiff had the following severe impairments: a musculoskeletal disorder (disorder of the muscle, ligament, and fascia, bilateral Z deformity); a mood disorder; an organic mental disorder; borderline intellectual functioning; and attention deficit hyperactivity disorder. However, after reviewing all of the evidence presented, the ALJ determined that prior to Plaintiff attaining the age of 22, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing

of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 1016). The ALJ found that prior to attaining the age 22, Plaintiff retained the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) except as follows: The claimant is able to frequently lift and/or carry ten pounds and occasionally twenty pounds, sit for a total of six hours in an eight hour workday, and stand and/or walk for a total of six hours in an eight hour workday. The claimant can perform work where tasks are learned by rote, there are few variables, and little judgment is required. She can work under supervision that is simple, direct and concrete.

(Tr. 1019). With the help of a vocational expert, the ALJ determined that prior to attaining the age of 22, Plaintiff could perform work as a housekeeper, a poultry precessing worker, and an advertising material distributor.

### B.   Review of Child SSI Benefits and Subsequent Applications:

Plaintiff was allowed disabled child benefits under SSI on May 6, 2002, based on attention deficit hyperactivity disorder. (Tr. 41, 65). Plaintiff's case came under review when she turned 18 years of age pursuant to 20 C.F.R. §416.987. Plaintiff was subsequently advised that, pursuant to the enactment of Public Law 104-193 in March 1996, Plaintiff's benefits would be terminated on March 1, 2009, because Plaintiff was found to be able to work. (Tr. 58).

As noted above, an administrative hearing was held on September 21, 2009. (Tr. 980-993). The hearing decision for Plaintiff's cessation of SSI child benefits dated January 29, 2010, is not part of the administrative record.

As noted previously, Plaintiff appealed the ALJ's January 29, 2010, decision to this Court. In a decision dated September 19, 2012, this Court remanded the case back to the Commissioner. The Appeals Council vacated the ALJ's decision, and remanded Plaintiff's case back to the ALJ on November 19, 2012. (Tr. 1038-1040). A supplemental administrative hearing was held on May

AO72A
(Rev. 8/82)

8, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 1523-1575). Subsequent applications for SSI were associated with the application currently under review. (Tr. 997).

By written decision dated September 3, 2013,[1] the ALJ found that Plaintiff attained the age of 18 in November of 2007, and was eligible of SSI benefits as a child until one month preceding the month in which she attained the age 18. (Tr. 999). Plaintiff was notified that she was no longer disabled as of March 1, 2009, based upon a redetermination of disability under the rules for adults who file new applications. The ALJ found that since March 1, 2009, Plaintiff had the following severe impairments: a musculoskeletal disorder (disorder of the muscle, ligament, and fascia, bilateral Z deformity); a mood disorder; an organic mental disorder; borderline intellectual functioning; and attention deficit hyperactivity disorder. (Tr. 999-1000). However, after reviewing all of the evidence presented, the ALJ determined that since March 1, 2009, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 1000-1001). The ALJ found that since March 1, 2009, Plaintiff retained the RFC to:

> perform light work as defined in 20 CFR 416.967(b) except as follows: The claimant is able to frequently lift and/or carry ten pounds and occasionally twenty pounds, sit for a total of six hours in an eight hour workday, and stand and/or walk for a total of six hours in an eight hour workday. The claimant can perform work where tasks are learned by rote, there are few variables, and little judgment is required. She can work under supervision that is simple, direct, and concrete.

---

[1] The Court notes that in the September 3, 2013, hearing decision, the ALJ indicated that the Court did not realize that there were two separate opinions issued on January 29, 2010, one opinion pertaining to Plaintiff's Title II benefits and one opinion pertaining to Plaintiff's SSI benefits. When the case was before the undersigned prior to the September 2012, remand, the record did not contain and still does not contain the January 29, 2010, opinion pertaining to the SSI applications.

(Tr. 1003). With the help of a vocational expert, the ALJ determined that since March 1, 2009, Plaintiff could perform work as a housekeeper, a poultry precessing worker, and an advertising material distributor.

Plaintiff now seeks judicial review of the ALJ's decisions. (Doc. 1). Both parties filed appeal briefs, and this case is before the undersigned pursuant to the consent of the parties. (Doc.5; Doc. 10; Doc. 13). The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.      Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

### A.     Disabled Adult Child Benefits:

To establish entitlement to DAC benefits on the record earnings of an insured person, a Plaintiff must prove she is 18 years of age or older and suffers from a disability that began before she reached 22 years of age. 42 U.S.C. § 402(d)(b)(I); 20 C.F.R. § 404.350(a)(5).  To establish disability, the claimant must demonstrate an inability:

> to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...

42 U.S.C. § 423(d)(1)(A).

A five-step sequential analysis for evaluating disability claims is set forth in the Commissioner's regulations.  20 C.F.R. § 404.1520.  The Commissioner will not review a claim further if, at any point in the process, a finding of either disability or non-disability may be made. 20 C.F.R. § 404.1520(a)(4).  If, for example, the claimant is not found to be engaged in substantial gainful activity, the Commissioner will determine whether the medical evidence demonstrates that the person suffers from a "severe" impairment; if so, the Commissioner then decides whether the impairment meets or equals the impairment criteria enumerated in 20 C.F.R. Part 404, Subpart P, Appendix 1. If the impairment does not meet the criteria, a residual functional capacity test is performed. 20 C.F.R. § 404.1520(e). Next, the Commissioner decides whether the claimant remains capable of performing past relevant work in view of the existing severe impairment.  20 C.F.R. § 404.1520(f). If the claimant cannot, as the last step, the Commissioner determines whether she is capable of performing other work existing in the national economy, in light of her age, education, work experience, and residual functional

capacity. See 20 C.F.R. § 404.1520(g).

### B. Review of Child SSI Benefits and subsequent SSI Applications:

A claimant who was awarded disability benefits as a child attains eighteen years of age, the SSA does not undergo a continuing disability review under 20 C.F.R. § 416.994 but instead redetermines the claimant's eligibility for benefits. See 20 C.F.R. § 416.987. The rules used for these "age–18 redeterminations" are those applicable to adult claimants who file new applications for benefits, that is, the rules set out in 20 C.F.R. § 416.920(c)-(g). See 20 C.F.R. § 416.987(b). "[W]e will not use the rules in §416.994 for determining whether disability continues." Id. Accordingly, the framework used by the Commissioner in age–18 redetermination cases is that familiar five-step sequential analysis for reviewing new adult applications for disability, except that whether the claimant is engaged in substantial gainful activity is not considered. Id.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 416.920.

AO72A
(Rev. 8/82)

**III.     Discussion:**

Plaintiff argues the following issues on appeal: 1) the ALJ erred in finding that Plaintiff did not meet Listing 12.02; and 2) the ALJ erred in determining Plaintiff's RFC.  As the ALJ August 29, 2013, and September 3, 2013, decisions are almost identical the Court will address the arguments one time.

**A.     Evaluation of the Listed Impairment 12.02:**

The burden of proof is on the Plaintiff to establish that her impairment meets or equals a listing. See Sullivan v. Zebley, 493 U.S. 521, 530-31, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990). To meet a listing, an impairment must meet all of the listing's specified criteria. Id. at 530, 110 S.Ct. 885 ("An impairment that manifests only some of these criteria, no matter how severely, does not qualify."); Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir. 2004).  "Medical equivalence must be based on medical findings." 20 C.F.R. § 416.926(b) (2003); Sullivan, 493 U.S. at 531 ("a claimant ... must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment").

The Court finds, based upon the record as a whole, as well as the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision.  A review of the record supports the ALJ's determination that Plaintiff did not meet the "paragraph B" requirements of Listing 12.02, as she had only mild restrictions in activities of daily living, moderate difficulties in social functioning, and moderate difficulties with regard to concentration, persistence, or pace.  20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 12.02. The record further supports the ALJ determination that Plaintiff's alleged mental impairments do not meet the "paragraph C"

requirements of Listing 12.02. Therefore, the Court finds there is sufficient evidence to support the ALJ's determination that Plaintiff did not meet a Listing 12.02.

### B. RFC Assessment:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records when he determined Plaintiff could perform light work with limitations. The Court further notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of examining and non-examining medical professionals, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's

AO72A
(Rev. 8/82)

function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted).

With regard to the opinion Dr. Vann Arthur Smith, the ALJ stated that he gave the opinion little weight. The ALJ pointed out that Dr. Smith indicated that he based at least part of his analysis on Plaintiff's subjective report of a history of a Grade III concussion, which was not documented in the medical evidence of record. The ALJ also pointed out that Dr. Smith's findings and his opinion that Plaintiff was disabled were not consistent with the record as a whole. Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000)(the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole). It is also noteworthy that Dr. Smith did not review any of Plaintiff's prior medical records. Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the relevant time period.

### C. Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in her brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors.  A review of the record revealed that in January of 2009, Dr. Michael K. Brinson opined that Plaintiff was medically cleared without restrictions to return to her training at the Hot Springs Rehabilitation Center. The record revealed that throughout the relevant time periods, Plaintiff was able to perform household chores slowly, to prepare simple meals, to take care of her personal hygiene, to drive, and to shop for groceries and necessities.  The record revealed that Plaintiff reported having friends, and a boyfriend.  Plaintiff also gave birth to her child during the relevant time period.  In September of 2011, Plaintiff reported that she felt responsible for taking care of her parents, and indicated that she did the majority of the cooking and cleaning for the family.

Therefore, although it is clear that Plaintiff suffers with some degree of pain, she has not established that she is unable to engage in any gainful activity.  See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (holding that mere fact that working may cause pain or discomfort does not mandate a finding of disability).  Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

**D.     Hypothetical Question to the Vocational Expert:**

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005).  Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion

-11-

that Plaintiff's impairments did not preclude her from performing work as a housekeeper, a poultry precessing worker, and an advertising material distributor, during the relevant time periods. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.   Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decisions denying the Plaintiff benefits, and thus the decisions should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 12th day of February, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)